UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GEMVISION CORPORATION, LLC,

       Plaintiff,

       v.

LARRY ZEIDLER,

       Defendant.
_____/

No. C 10-5581 PJH

**ORDER**

On December 9, 2010, plaintiff Gemvision Corporation LLC ("Gemvision") filed this action against defendant Larry Zeidler ("Zeidler") and one other defendant, later dismissed, alleging claims under the Lanham Act, 15 U.S.C. § 1114 and § 1125(a), and under California Business & Professions Code § 17200. On February 22, 2011, Gemvision filed a proof of service of the summons and complaint, showing service on Zeidler on February 2, 2011.

On March 29, 2011, Gemvision filed a request for entry of default, asserting that Zeidler had failed to appear or otherwise respond to the complaint, and also asserting that Zeidler had e-mailed a motion to dismiss to Gemvision's counsel on March 8 and 11, 2011, but had not filed the motion with the court. The clerk entered the default on April 1, 2011.

On April 25, 2011, the court set a May 5, 2011 deadline for Gemvision to file a motion for default judgment, and Gemvision filed the motion on that date. On June 15, 2011, the case was reassigned to the undersigned. On June 17, 2011, the court referred the motion for default judgment to Magistrate Judge Maria-Elena James for a report and recommendation.

On July 15, 2011, Zeidler filed a motion to set aside the default, in which he contended that he had filed a timely motion to dismiss. According to Zeidler, he e-mailed the motion to dismiss to the court "[w]ithin less than a week" of the date he was served with the complaint. He attached illegible copies of "return receipts for documents filed electronically with the Court" on February 3, 2011, February 7, 2011, and February 23, 2011, and also attached a copy of the motion to dismiss that he claimed he had e-mailed to the court.

On July 15, 2011, Judge James vacated the hearing on the motion for default judgment, and directed Zeidler to file a motion to set aside the default. On August 1, 2011, Zeidler filed a motion to set aside the default. Gemvision did not oppose the motion, and it was granted on August 19, 2011.

The motion to dismiss has still not been electronically filed. Zeidler is not a registered e-filer, and is not permitted to file documents by electronic means. Any document that he wishes to file must be personally delivered or delivered by messenger to the Clerk's Office at the Oakland courthouse during business hours (9:00 a.m. to 4:00 p.m., Monday through Friday), or mailed to the Oakland Clerk's Office. In addition, between 7:00 and 9:00 a.m., and between 4:00 and 5:00 p.m., documents to be filed may be deposited in the drop box located in the courthouse lobby. Once properly deposited with the court, the documents will be electronically filed by the Clerk's Office.

Accordingly, no later than September 7, 2011, Zeidler must properly file his motion to dismiss, if he wants it considered by the court. The motion should be noticed for hearing as provided in the Civil Local Rules of this Court, although the court, after reviewing the motion, may determine to decide it without a hearing. If Zeidler fails to file the motion to dismiss by September 7, 2011, the court will entertain another request for entry of default.

In addition, the motion must be reformatted, as it is not presented in compliance with the Civil Local Rules. Although Zeidler is proceeding pro se, he is still bound by the requirements of the Federal Rules of Civil Procedure and the Civil Local Rules of this court. Civ. L.R. 3-9(a). The Local Rules are available on the website of the U.S. District Court for

1  the Northern District of California.

2  Under Civil Local Rule 3-4(a), "[t]he first page of each paper presented for filing must
3  set forth . . . [t]he name, address telephone number, facsimile ("fax") telephone number,
4  and e-mail address" of the party proceeding pro se." This information must appear in the
5  upper left corner and must indicate the party as well as the party's status (plaintiff or
6  defendant)." Civ. L.R. 3-4(a). In addition, the case number must include the initials of the
7  assigned judge – in this case, "PJH." Finally, "[p]rinted text, produced on a word processor
8  or other computer, may be proportionately spaced, provided the type may not be smaller
9  than 12-point standard font (i.e., Times New Roman)." Civ. L.R. 3-4(c)(2). In this case, the
10 font size in the motion to dismiss is so small that the court is unable to read it.

11 Parties are also required to submit an extra copy of every filed document, marked
12 "Chambers Copy," to the court at the time of filing. Civ. L.R. 5-1(b).

13 The court will set a date for the initial case management conference after the
14 pleadings have been settled.

**IT IS SO ORDERED.**

Dated: August 22, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge